## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| TYRONE DORN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19 CV 539 |
| | ) | |
| ASA MYERS, STAR NO. 3377, | ) | Judge Mary M. Rowland |
| MANE MARAVIC, STAR NO. 18441, | ) | |
| and THE CITY OF CHICAGO, | ) | |
| a municipal corporation, | ) | Jury Trial Demanded |
| | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT

Plaintiff TYRONE DORN, by and through his attorneys, The Cochran Firm Chicago, complains against Defendants ASA MYERS, Star No. 3377, MANE MARAVIC, Star No. 18441 and the CITY OF CHICAGO, a municipal corporation, as follows:

## INTRODUCTION

1.      On August 7, 2017, the annual Lollapalooza concert in Grant Park was underway. Traffic in or around downtown Chicago was teeming with concert-goers and other summer time pedestrian traffic.

2.      Concert-goers could be observed using and igniting sparklers and setting off other fireworks both in the downtown area and inside the Lollapalooza concert venue at Grant Park.

3.      TYRONE DORN was not attending the Lollapalooza concert. Instead, he was standing in the vicinity of Pritzker Park with his bicycle, located at the

northwest corner of the intersection of State Street and Van Buren immediately adjacent to the State and Van Buren CTA train station.

4.    Defendants ASA MYERS and MANE MARAVIC detained TYRONE DORN after observing him set off a firework in Pritzker Park.

5.    The firework had been given to TYRONE DORN by a concert-goer who had passed Pritzker Park and had been observed by the police setting off fireworks but, unlike TYRONE DORN, was not detained, searched or arrested by the police.

6.    TYRONE DORN is African-American.

7.    On information and belief, Defendant ASA MYERS is Caucasian.

8.    On information and belief, Defendant MANE MARAVIC is Caucasian.

9.    On information and belief, Defendants ASA MYERS and MANE MARAVIC observed the Caucasian concert-goer set-off fireworks inside and/or in the immediate vicinity of Pritzker Park but did not stop, detain, frisk, search, question or interrogate the Caucasian concert-goer.

10.   After searching the person and belongings of TYRONE DORN in Pritzker Park for several minutes, without his consent, Defendants ASA MYERS and MANE MARAVIC transported TYRONE DORN to the First District Police Station. The search of TYRONE DORN in Pritzker Park revealed that he was not in possession of any weapons or narcotics.

11.   After transporting TYRONE DORN to the police station, Defendants ASA MYERS and MANE MARAVIC falsely accused TYRONE DORN of unlawful

possession of a firearm and caused him to be charged with, among other things, being an armed habitual criminal in possession of a firearm.

12.     As a result of the knowingly false accusations of Defendants ASA MYERS and MANE MARAVIC, TYRONE DORN was held in custody from August 7, 2017 up to and including November 13, 2018.

13.     On November 13, 2018, a jury acquitted TYRONE DORN finding him not guilty of all charges.

14.     By the time of his release from custody, Plaintiff TYRONE DORN had been unlawfully detained at Cook County Jail for approximately fifteen (15) months for crimes that Plaintiff TYRONE DORN did not commit.

## JURISDICTION AND VENUE

15.     The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, 28 U.S.C. § 1331 and § 1343(a), the Constitution of the United States, and supplemental jurisdiction, as provided under 28 U.S.C. § 1367(a).

16.     Venue is proper in the Northern District of Illinois, Eastern Division, under 28 U.S.C. §1391 because the acts and events giving rise to the complaint occurred in the Northern District of Illinois, Eastern Division and because, upon information and belief, the Defendants reside and are employed here.

## PARTIES

17.     Plaintiff TYRONE DORN is currently a citizen of the United States and resident of the City of Chicago, Illinois.  At the time of the events at issue, Plaintiff TYRONE DORN was residing in the State of Illinois.

18.    Defendant CITY OF CHICAGO is and was, at all times mentioned herein, an Illinois municipal corporation organized and existing as such under the laws of the State of Illinois.  Defendant CITY OF CHICAGO is liable under the doctrine of *respondeat superior* for all torts committed by its employees and/or agents, including the named individual defendants who, at all times mentioned herein, were employees of the CITY OF CHICAGO and acting within the scope of their employment.

19.    Defendant ASA MYERS is and was, at all times herein mentioned, a citizen of the United States residing within the jurisdiction of this Court.  At all times herein mentioned, he was acting under color of state law and within the scope of his employment for the CITY OF CHICAGO.  He is being sued in his individual capacity.

20.    Defendant MANE MARAVIC is and was, at all times herein mentioned, a citizen of the United States residing within the jurisdiction of this Court.  At all times herein mentioned, he was acting under color of state law and within the scope of his employment for the CITY OF CHICAGO.  He is being sued in his individual capacity.

## FACTS COMMON TO ALL CLAIMS

### Tyrone Dorn was in Pritzker Park Doing What the Concert-Goers Were Doing, But Only He Got Arrested

21.    On August 7, 2017, the Lollapalooza concert in Chicago's Grant Park was underway.

22.    As is customary for this annual event, traffic in or around downtown Chicago was teeming with concert-goers and other summer time pedestrian traffic.

4

23.    Due to the heavy concert-related traffic there was a noticeable and substantial police presence in the downtown area, including numerous Chicago Police squadrols parked in the center lanes of State Street; stationed in intervals, from Lake Street to the north to Roosevelt Road to the south.

24.    Concert-goers could be observed using and igniting sparklers and setting off other fireworks both in the downtown area and inside the Lollapalooza concert venue at Grant Park.

25.    On information and belief, despite making a plain view observation of numerous concert-goers being in possession of fireworks and setting off those fireworks in a crowded public area, officers of the Chicago Police Department made no arrests nor issued administrative notices of violation (ANOVs) concerning violations of Chicago Municipal Code for the illegal possession or use of fireworks.

26.    On August 2, 2017, TYRONE DORN was not attending the Lollapalooza concert.

27.    TYRONE DORN was lawfully standing in the vicinity of Pritzker Park, 330 South State Street, which is located at the northwest corner of the intersection of State Street and Van Buren, immediately adjacent to the State and Van Buren CTA train station and directly across the street from the Chicago Public Library's Harold Washington Main Library.

28.    While TYRONE DORN was present in Pritzker Park, a Chicago Police squadrol was stationed in the center of State street, just north of the intersection of State Street and Van Buren.

5

29.     Inside the police squadrol was at least one uniformed Chicago Police Officer who could and did observe TYRONE DORN with his bicycle inside Pritzker Park.

30.     Several pedestrians were walking westbound on Van Buren Avenue. Those pedestrians were clearly coming from the Lollapalooza concert and crossed State Street, passing the Chicago Police Department squadrol parked in the center of State Street as they approached and then passed Pritzker Park.

31.     As those concert-goers passed Pritzker Park, several of them could be observed setting off fireworks which were in their possession.

32.     The concert-goers setting off the fireworks were Caucasian.

33.     TYRONE DORN is an African-American.

34.     At all times relevant to this lawsuit, the Chicago Police officer who was stationed near the intersection of State and Van Buren observed the concert-goers set off fireworks but made no attempt to stop, detain, question, admonish, arrest and/or ticket the concert-goers for possessing or setting off fireworks.

35.     As the concert-goers passed Pritzker Park, one of them offered TYRONE DORN a firework.  He accepted the firework and set the firework off while standing in Pritzker Park.

36.     Defendants ASA MYERS and MANE MARAVIC were on patrol in the vicinity of State and Van Buren.  They observed the Caucasian concert-goers setting off fireworks but made no attempt to stop, detain, frisk, admonish, question,

interrogate, search or arrest those concert-goers who were in possession of fireworks or setting off those fireworks.

37.     Defendants ASA MYERS and MANE MARAVIC observed the Caucasian concert-goers give TYRONE DORN fireworks.

38.     Defendants ASA MYERS and MANE MARAVIC, who were driving an unmarked Chicago Police squadrol westbound on Van Buren Avenue, drove up to Pritzker Park and approached Tyrone Dorn.

### Asa Myers and Mane Maravic Searched Tyrone Dorn at Pritzker Park and Recovered No Weapon at the Scene

39.     Defendants ASA MYERS and MANE MARAVIC were accompanied by other unknown officers.  On information and belief, one or more of the officers were wearing body-worn cameras which captured what transpired between TYRONE DORN and the Defendants ASA MYERS and MANE MARAVIC.

40.     Defendants ASA MYERS and MANE MARAVIC detained TYRONE DORN and began to search his person and a bag that was in his possession.  They searched his bag without consent.

41.     The body-worn cameras worn by one or more of the officers was activated during the search of TYRONE DORN's bag and person.

42.     The search of the person and bag of TYRONE DORN did not yield any weapons, narcotics and/or alcohol because TYRONE DORN was not in possession of weapons, narcotics and/or alcohol while present in Pritzker Park.

43.     Defendants ASA MYERS and MANE MARAVIC then transported TYRONE DORN to the First District Chicago Police station at State Street and 18th Street located in Chicago's South Loop area.

44.     While at the district, Defendants ASA MYERS and MANE MARAVIC, placed TYRONE DORN in a detention cell, locking the door and making it impossible for TYRONE DORN to voluntarily leave.

**The Sudden Alleged Appearance of the Rossi M971 .357 Magnum Handgun at the First District Police Station**

45.     While in the custody of the Chicago Police Department, Defendants ASA MYERS and MANE MARAVIC subjected TYRONE DORN to an interrogation, asking him "Where did you get the gun?" and "isn't that your gun?"

46.     No portion of the interrogation of TYRONE DORN conducted by Defendants ASA MYERS and MANE MARAVIC was electronically recorded, either in an audio or video format.

47.     At no time on August 7, 2017 was TYRONE DORN in possession of a weapon, much less, a firearm.

48.     At no time on August 7, 2017 did Defendants ASA MYERS or MANE MARAVIC recover a firearm from TYRONE DORN, either at Pritzker Park or at the First District police station.

49.     When TYRONE DORN asked the Defendants why they were asking him about a gun, they refused to answer his question.

50.     Instead of answering TYRONE DORN's question, Defendants ASA MYERS and MANE MARAVIC repeated their questions: "where did you get the gun?" and "isn't that your gun?"

51.     TYRONE DORN declined to answer their questions and requested a lawyer.

52.     Defendants ASA MYERS and MANE MARAVIC falsely accused TYRONE DORN of unlawful possession of a firearm—specifically, a Rossi M971 .357 Magnum handgun—and caused him to be charged as an armed habitual criminal in possession of a firearm.

**Defendants Asa Myers and Mane Maravic Created False Reports to Perpetuate Their Fabricated Claim that Tyrone Dorn Was in Unlawful Possession of a Handgun**

53.     To support their false allegation that Plaintiff TYRONE DORN was unlawfully in possession of a firearm, Defendant ASA MYERS prepared a Chicago Police Department Original Case Incident Report bearing RD# JA381937 for Chicago Police Department Event #1721916546.  Defendant ASA MYERS also prepared a Chicago Police Department Arrest Report for the same incident.

54.     The Original Case Incident Report and Arrest Report was authored by Defendant ASA MYERS and reviewed by Defendant MANE MARAVIC before being submitted to the Chicago Police Department in furtherance of initiating criminal proceedings against TYRONE DORN.  Both Defendants ASA MYERS and MANE MARAVIC knew that the reports contained specific false and misleading information about facts material to TYRONE DORN's case.

55.    The Original Case Incident Report and Arrest Report contained several false and misleading factual statements about the firearm intended to cause criminal proceedings to be initiated against TYRONE DORN despite the fact that Defendants ASA MYERS and MANE MARAVIC knew that TYRONE DORN was not in possession of a firearm on August 7, 2017.

56.    Defendant ASA MYERS wrote in the Original Case Report and Arrest Report that TYRONE DORN was observed setting off fireworks and that he endangered the bodily safety of himself and others.  That statement was false because it omitted any reference to how Defendant ASA MYERS and/or MANE MARAVIC had observed similarly-situated Caucasian persons setting off fireworks, but had not stopped, frisked, searched, interrogated, arrested and/or initiated criminal proceedings against those similarly-situated Caucasian individuals.

57.    Defendant ASA MYERS wrote in the Original Case Report and Arrest Report that TYRONE DORN's bag was subjected to a custodial search after being transported to the police station.  That statement was demonstrably false because body-worn camera footage clearly shows that TYRONE DORN was subjected to a custodial search while still present at Pritzker Park.

58.    The statements about the custodial search of TRYONE DORN contained in the Original Case Incident Report and the Arrest Report was also demonstrably false because the statements omitted the material information that the custodial search of TYRONE DORN conducted at Pritzker Park did not yield a firearm or any other weapon in the possession of TYRONE DORN.

59.     The statements about the custodial search of TYRONE DORN contained in both the Original Case Incident Report and the Arrest Report were demonstrably false because the statements failed to indicate the contradictory results of the custodial search at Pritzker Park and the custodial search allegedly conducted at the police station.  Defendants ASA MYERS and MANE MARAVIC intentionally omitted the contradictory search results with the express desire to have false criminal charges initiated against TYRONE DORN.

60.     The statements about the custodial search of TYRONE DORN contained in both the Original Case Incident Report and the Arrest Report were demonstrably false because the statements falsely asserted that six live rounds (bullets) were recovered from TRYONE DORN when, in fact, no such bullets were ever found or recovered during the course of the custodial search conducted at Pritzker Park.

61.     That a weapon and ammunition was not recovered during the course of a comprehensive search of TYRONE DORN's bag and person at Pritzker Park is a material fact that would clearly exculpate TYRONE DORN of any allegation that he was in unlawful possession of a firearm on August 7, 2017 and a reasonably trained and experienced law enforcement officer would know the material nature of such exculpatory information.

62.     To further support the false allegations that TYRONE DORN was unlawfully in possession of a firearm, Defendant MANE MARAVIC prepared a Chicago Police Department Property Inventory Sheets bearing Inventory Nos. 13976053 and 13976039 in relation to RD# JA381937.

11

63.    In those Property Inventory Sheets, Defendant MANE MARAVIC wrote several false and misleading factual statements intended to cause criminal proceedings to be initiated against TYRONE DORN.

64.    In those Property Inventory Sheets, Defendant MANE MARAVIC provided a description of property recovered from TYRONE DORN which falsely included a reference to a Rossi M971 6 Shot .357 Magnum being recovered from TYRONE DORN.  That statement was false because Defendant MANE MARAVIC knew at the time that he prepared this Property Inventory Sheet that TYRONE DORN had never possessed that weapon.

65.    In those Property Inventory Sheets, Defendant MANE MARAVIC provided a description of property recovered from TYRONE DORN which falsely included a reference to the recovery of six (6) "BULLET I AMMO: RWS 357 MAGNUM ROUND."   That statement was false because Defendant MANE MARAVIC knew at the time that he prepared this Property Inventory Sheet that TYRONE DORN had never possessed that ammunition.

66.    Defendant ASA MYERS reviewed these Property Inventory Sheets before they were submitted to the Chicago Police Department and knew that their contents were false.

### Defendants Asa Myers and Mane Maravic Cause Tyrone Dorn to be Indicted Based on their False Reports and Testimony

67.    On August 29, 2017, Defendant ASA MYERS appeared before the Grand Jury of Cook County in *People of the State of Illinois v. Tyrone Dorn*, Case No. 17 CR 12897 wherein Defendant ASA MYERS gave materially false testimony about the

basis to stop, search, and arrest TYRONE DORN in Pritzker Park on August 17, 2017.

68.     As a direct and proximate cause of Defendant ASA MYER's false testimony before the Grand Jury of Cook County, the Grand Jury of Cook County returned a true bill on the Indictment against TYRONE DORN as to seven (7) separate crimes in *People of the State of Illinois v. Tyrone Dorn*, Case No. 17 CR 12897.

69.     Relying on the materially false testimony of Defendant ASA MYERS, the Grand Jury returned a True Bill as to Count 1 of the Indictment for the offense of armed habitual offender in violation of 720 ILCS 5/24-1.7(a).

70.      Relying on the materially false testimony of Defendant ASA MYERS, the Grand Jury returned a True Bill as to Count 2 of the Indictment for the offense of unlawful use or possession of a weapon by a felon in violation of 720 ILCS 5/24-1.1(a).

71.     Relying on the materially false testimony of Defendant ASA MYERS, the Grand Jury returned a True Bill as to Count 3 of the Indictment for the offense of unlawful use or possession of a weapon by a felon in violation of 720 ILCS 5/24-1.1(a)

72.     Relying on the materially false testimony of Defendant ASA MYERS, the Grand Jury returned a True Bill as to Count 4 of the Indictment for the offense of aggravated unlawful use of a weapon in violation of 720 ILCS 5/24-1.6(a)(1)/3(A-5).

73.     Relying on the materially false testimony of Defendant ASA MYERS, the Grand Jury returned a True Bill as to Count 5 of the Indictment for the offense of aggravated unlawful use of a weapon in violation of 720 ILCS 5/24-1.6(a)(1)/3(C).

74.     Relying on the materially false testimony of Defendant ASA MYERS, the Grand Jury returned a True Bill as to Count 6 of the Indictment for the offense of aggravated unlawful use of a weapon in violation of 720 ILCS 5/24-1.6(a)(1)/3(C).

75.     Relying on the materially false testimony of Defendant ASA MYERS, the Grand Jury returned a True Bill as to Count 7 of the Indictment for the offense of aggravated unlawful use of a weapon in violation of 720 ILCS 5/24-1.6(a)(2)/3(C).

76.     As a result of the knowingly false accusations of Defendants ASA MYERS and MANE MARAVIC, Plaintiff TYRONE DORN was held in custody from August 7, 2017 up to and including November 13, 2018 while his case remained pending in the Circuit Court of Cook County.

**The Cook County Jury Does Not Believe the Obviously Falses Evidence of Defendants Asa Myers and Mane Maravic and Find Tyrone Dorn Not Guilty of All Charges**

77.     On November 13, 2018, after acting as his own counsel in a jury trial at the Leighton Criminal Courthouse in the Circuit Court of Cook County, a jury acquitted TYRONE DORN finding him not guilty of all charges that went to trial.

78.     By the time of his release from custody, TYRONE DORN had been unlawfully detained as a result of the criminal proceeding for approximately fifteen (15) months for crimes that TYRONE DORN did not commit.

## COUNT I
## 42 U.S.C. § 1983 – Illegal Pretrial Detention (*Manuel*)
## Against Defendants Asa Myers and Mane Maravic

79.     Each of the foregoing paragraphs are incorporated as if restated fully herein.

80.     In the manner described above, Defendants ASA MYERS and MANE MARAVIC seized and unlawfully detained TYRONE DORN without probable cause or any lawful justification, in violation of the Fourth Amendment to the United States Constitution.

81.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff TYRONE DORN's constitutional rights.

82.     Plaintiff TYRONE DORN'S detention of approximately fifteen (15) months was due to the Defendants' fabricated evidence in their police reports, criminal complaints and/or testimony rendered during the underlying criminal proceeding in the matter captioned *People of the State of Illinois v. Tyrone Dorn*, 17 CR 12897.

83.     As a result of this misconduct, Plaintiff TYRONE DORN was injured, including a loss of liberty, physical and emotional damages, legal fees, trauma, mental distress and emotional damages.

84.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff TYRONE DORN's constitutional rights.

85.    As a result of this misconduct, Plaintiff TYRONE DORN was injured, including a loss of liberty, physical and emotional damages, legal fees, trauma, mental distress and emotional damages.

**WHEREFORE**, Plaintiff TYRONE DORN demands judgment against Defendants ASA MYERS and MANE MARAVIC for compensatory damages, punitive damages, costs, reasonable attorneys' fees and such other and additional relief that this Court deems equitable and just.

### COUNT II

### 42 U.S.C. §1983 – Violation of Due Process (Fourteenth Amendment)
### Against Defendants Asa Myers and Mane Maravic

86.    Each of the foregoing paragraphs are incorporated as if restated fully herein.

87.    As described more fully above, all of the Defendants, acting individually, jointly, and/or in conspiracy, deprived Plaintiff TYRONE DORN of his constitutional right to due process and fair trial.

88.    In the manner described more fully above, the Defendants fabricated false inculpatory statements about Plaintiff TYRONE DORN, deliberately withheld and suppressed exculpatory evidence from the prosecutors and defense counsel, and fabricated false reports and other evidence, thereby causing the wrongful prosecution of Plaintiff TYRONE DORN. Absent this misconduct, the criminal prosecution could not and would not have been pursued.

89.    The Defendants misconduct directly resulted in the unjust criminal prosecution and continuing wrongful incarceration of Plaintiff TYRONE DORN while

he awaited trial in the Circuit Court of Cook County, in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

90.    As a result of this violation of his constitutional right to a fair trial, Plaintiff TYRONE DORN suffered injuries, including but not limited to the loss of his liberty, physical harm, severe emotional distress and anguish.

91.    The misconduct described in this count was objectively unreasonable and undertaken intentionally, with malice and willful indifference to Plaintiff's clearly established constitutional rights.

**WHEREFORE**, Plaintiff TYRONE DORN demands judgment against Defendants ASA MYERS and MANE MARAVIC for compensatory damages, punitive damages, costs, reasonable attorneys' fees and such other and additional relief that this Court deems equitable and just.

### COUNT III
### 42 U.S.C. § 1983 – Conspiracy to Deprive of Constitutional Rights
### Against Defendants Asa Myers and Mane Maravic

92.    Each of the foregoing paragraphs are incorporated as if restated fully herein.

93.    Each of the Defendants, acting in concert with other co-conspirators, known and unknown, reached an agreement among themselves to deprive Plaintiff TYRONE DORN of his constitutional rights.

94.    In so doing, these co-conspirators conspired to accomplish an unlawful purpose (the false conviction of Plaintiff TYRONE DORN) by unlawful means (including, falsification of police reports, criminal complaint and giving fabricated testimony during criminal proceedings).

17

95. In furtherance of their conspiracy, each of these co-conspirators committed overt acts and were otherwise willful participants in joint activity, including the preparation of false police reports and fabrication of evidence.

96. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff TYRONE DORN's constitutional rights.

**WHEREFORE**, Plaintiff TYRONE DORN demands judgment against Defendants ASA MYERS and MANE MARAVIC for compensatory damages, punitive damages, costs, reasonable attorneys' fees and such other and additional relief that this Court deems equitable and just.

### COUNT IV
### 42 U.S.C. § 1983 – Failure to Intervene
### Against Defendants Asa Myers and Mane Maravic

97. Each of the foregoing paragraphs are incorporated as if restated fully herein.

98. During the constitutional violations described herein, one or more of the Defendants stood by without intervening to prevent the violation of Plaintiff TYRONE DORN's constitutional rights, even though they had the opportunity to do so.

99. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff TYRONE DORN's constitutional rights.

100.   As a result of Defendants' misconduct described in this Count, Plaintiff TYRONE DORN was injured, including a loss of liberty, physical and emotional damages, legal fees, trauma, mental distress and emotional damages.

**WHEREFORE**, Plaintiff TYRONE DORN demands judgment against Defendants ASA MYERS and MANE MARAVIC for compensatory damages, punitive damages, costs, reasonable attorneys' fees, and such other and additional relief that this Court deems equitable and just.

**COUNT IV**
**State Law Claim – Malicious Prosecution**
**(Count 1 of the Indictment – Armed Habitual Criminal)**
**Against Defendants Asa Myers and Mane Maravic**

101.   Each of the foregoing paragraphs are incorporated as if restated fully herein.

102.   Defendants ASA MYERS and MANE MARAVIC caused a criminal prosecution to commence and/or continue against Plaintiff TYRONE DORN.

103.   Defendants ASA MYERS and MANE MARAVIC maliciously commenced and/or continued a criminal prosecution against Plaintiff TYRONE DORN without probable cause for the commencement and/or continuation of those proceedings.

104.   The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff TYRONE DORN's constitutional rights.

105.   As a result, Plaintiff TYRONE DORN was injured, including a loss of liberty, physical and emotional damages, legal fees, trauma, mental distress and emotional damages.

106.   Defendants ASA MYERS and MANE MARAVIC, initiated, facilitated and/or continued this malicious prosecution by the creation of manufactured and fabricated evidence, including writing false police reports, preparing and signing false criminal complaints, giving false testimony and/or otherwise wrongfully misrepresenting and/or withholding evidence.

107.   The criminal proceedings were terminated in Plaintiff TYRONE DORN's favor on November 13, 2018 in a manner indicative of his actual innocence of the crimes charged.

**WHEREFORE**, Plaintiff TYRONE DORN demands judgment against Defendants ASA MYERS and MANE MARAVIC for compensatory damages, punitive damages, costs, and such other and additional relief that this Court deems equitable and just.

### COUNT V
### State Law Claim–Malicious Prosecution
### (Counts 2-3 of Indictment–Unlawful Use or Possession of a Weapon by a Felon)
### Against Defendants Asa Myers and Mane Maravic

108.   Each of the foregoing paragraphs are incorporated as if restated fully herein.

109.   Defendants ASA MYERS and MANE MARAVIC caused a criminal prosecution to commence and/or continue against Plaintiff TYRONE DORN.

110. Defendants ASA MYERS and MANE MARAVIC maliciously commenced and/or continued a criminal prosecution against Plaintiff TYRONE DORN without probable cause for the commencement and/or continuation of those proceedings.

111. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff TYRONE DORN's constitutional rights.

112. As a result, Plaintiff TYRONE DORN was injured, including a loss of liberty, physical and emotional damages, legal fees, trauma, mental distress and emotional damages.

113. Defendants ASA MYERS and MANE MARAVIC, initiated, facilitated and/or continued this malicious prosecution by the creation of manufactured and fabricated evidence, including writing false police reports, preparing and signing false criminal complaints, giving false testimony, and/or otherwise wrongfully misrepresenting and/or withholding evidence.

114. The criminal proceedings were terminated in Plaintiff TYRONE DORN's favor on November 13, 2018 in a manner indicative of his actual innocence of the crimes charged.

**WHEREFORE**, Plaintiff TYRONE DORN demands judgment against Defendants ASA MYERS and MANE MARAVIC for compensatory damages, punitive damages, costs, and such other and additional relief that this Court deems equitable and just.

## COUNT VI
## State Law Claim – Malicious Prosecution
## (Counts 4-7 of the Indictment – Aggravated Unlawful Use of a Weapon)
## Against Defendants Asa Myers and Mane Maravic

115.    Each of the foregoing paragraphs are incorporated as if restated fully herein.

116.    Defendants ASA MYERS and MANE MARAVIC caused a criminal prosecution to commence and/or continue against Plaintiff TYRONE DORN.

117.    Defendants ASA MYERS and MANE MARAVIC maliciously commenced and/or continued a criminal prosecution against Plaintiff TYRONE DORN without probable cause for the commencement, and/or continuation of those proceedings.

118.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff TYRONE DORN's constitutional rights.

119.    As a result, Plaintiff TYRONE DORN was injured, including a loss of liberty, physical and emotional damages, legal fees, trauma, mental distress and emotional damages.

120.    Defendants ASA MYERS and MANE MARAVIC, initiated, facilitated and/or continued this malicious prosecution by the creation of manufactured and fabricated evidence, including writing false police reports, preparing and signing false criminal complaints, giving false testimony and/or otherwise wrongfully misrepresenting and/or withholding evidence.

121.    The criminal proceedings were terminated in Plaintiff TYRONE DORN's favor on November 13, 2018 in a manner indicative of his actual innocence of the crimes charged.

**WHEREFORE**, Plaintiff TYRONE DORN demands judgment against Defendants ASA MYERS and MANE MARAVIC for compensatory damages, punitive damages, costs, and such other and additional relief that this Court deems equitable and just.

### COUNT VII
### <u>State Law Claim – Intentional Infliction of Emotional Distress</u>
### Against Defendants Asa Myers and Mane Maravic

122.    Each of the foregoing paragraphs are incorporated as if restated fully herein.

123.    In the manner described more fully above, Defendants ASA MYERS and MANE MARAVIC engaged in extreme and outrageous conduct.

124.    The actions of Defendants ASA MYERS and MANE MARAVIC set forth above were rooted in an abuse of power or authority.

125.    The actions of Defendants ASA MYERS and MANE MARAVIC set forth above were undertaken with intent to inflict severe emotional distress or knowledge that there was a high probability that the conduct would inflict severe emotional distress and with reckless disregard for that probability.

126.    The actions of Defendants ASA MYERS and MANE MARAVIC set forth above were undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff TYRONE DORN.

127.   The actions of Defendants ASA MYERS and MANE MARAVIC set forth above were undertaken by them while acting within the scope of their employment with the City of Chicago such that their employer, the City of Chicago, is liable for their actions.

128.   As a result of the misconduct of Defendants ASA MYERS and MANE MARAVIC described in this Count, Plaintiff TYRONE DORN experienced and continues to experience pain, suffering and emotional distress.

**WHEREFORE**, Plaintiff TYRONE DORN demands judgment against Defendants ASA MYERS and MANE MARAVIC for compensatory damages, punitive damages, costs, and such other and additional relief that this Court deems equitable and just.

**COUNT VIII**
**State Law Claim – Civil Conspiracy**
**Against Defendant Asa Myers and Mane Maravic**

129.   Each of the foregoing paragraphs are incorporated as if restated fully herein.

130.   As described more fully in the preceding paragraphs, Defendants reached an agreement among themselves and with others, known and unknown, to violate the law and deprive Plaintiff TYRONE DORN of his rights.

131.   Defendants ASA MYERS and MANE MARAVIC, acting in concert with other co-conspirators, known and unknown, reached an agreement among themselves to deprive Plaintiff TYRONE DORN of his constitutional rights.

132.   In so doing, these co-conspirators conspired to accomplish an unlawful purpose (the false conviction of Plaintiff TYRONE DORN) by unlawful means

24

(including, falsification of police reports, criminal complaint and giving fabricated testimony during criminal proceedings).

133.　In furtherance of their conspiracy, each of these co-conspirators committed overt acts and were otherwise willful participants in joint activity.

134.　The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff TYRONE DORN's constitutional rights.

**WHEREFORE**, Plaintiff TYRONE DORN demands judgment against Defendants ASA MYERS and MANE MARAVIC for compensatory damages, punitive damages, costs, and such other and additional relief that this Court deems equitable and just.

### COUNT IX
### <u>State Law Claim – Willful & Wanton Conduct</u>
### Against Defendants Asa Myers and Mane Maravic

135.　Each of the foregoing paragraphs are incorporated as if restated fully herein.

136.　In the manner described more fully above, the actions of Defendants ASA MYERS and MANE MARAVIC breached the duty of care owed to Plaintiff TYRONE DORN.

137.　The actions of Defendants ASA MYERS and MANE MARAVIC were willful and wanton in that they demonstrated an utter indifference for the safety and well-being other others.  In addition, and/or alternatively, Defendants ASA MYERS and MANE MARAVIC were conscious that an injury could result from the above-

described course of action and recklessly disregarded the consequences of those actions.

138. The misconduct described in this Count was undertaken with intentional disregard for Plaintiff TYRONE DORN's rights.

139. As a result of the misconduct of Defendants ASA MYERS and MANE MARAVIC described in this Count, Plaintiff TYRONE DORN experienced and continues to experience pain, suffering and emotional distress.

**WHEREFORE**, Plaintiff TYRONE DORN demands judgment against Defendants ASA MYERS and MANE MARAVIC for compensatory damages, punitive damages, costs, and such other and additional relief that this Court deems equitable and just.

## COUNT X
### State Law Claim – *Respondeat Superior*
### Against Defendant CITY OF CHICAGO

140. Each of the foregoing paragraphs are incorporated as if restated fully herein.

141. In committing the acts alleged in this Complaint, Defendants ASA MYERS and MANE MARAVIC were employees, members, and agents of the Chicago Police Department acting at all relevant times within the scope of their employment.

142. Defendant CITY OF CHICAGO is liable as principal for all torts committed by its agents.

143. In the event that a jury finds that Defendants ASA MYERS and MANE MARAVIC or any unknown and/or unnamed employee or agent of the Defendant

CITY OF CHICAGO committed any unlawful acts upon which this Complaint is premised, then Defendant CITY OF CHICAGO is liable for the acts of that employee or agent.

**WHEREFORE**, Plaintiff TYRONE DORN demands that judgment be entered against Defendant the CITY OF CHICAGO for compensatory damages, costs, and such other and additional relief that this Court deems equitable and just.

### COUNT XI
### State Law Claim – Indemnification Under 745 ILCS 10/9-102
### Against Defendant CITY OF CHICAGO

144.    Each of the foregoing paragraphs are incorporated as if restated fully herein.

145.    Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 745 ILCS 10/9-102.

146.    Defendants ASA MYERS and MANE MARAVIC are, or were, employees of the Chicago Police Department who acted within the scope of their employment in committing the misconduct described above.

147.    Defendant CITY OF CHICAGO is obligated to pay any judgment for compensatory damages entered against Defendants ASA MYERS or MANE MARAVIC.

148.    In the event that a judgment for compensatory damages is entered against Defendants ASA MYERS or MANE MARAVIC, Defendant CITY OF CHICAGO must pay the judgment and may pay the associated attorneys' fees and costs.

**WHEREFORE**, Plaintiff TYRONE DORN demands that judgment be entered against Defendant the CITY OF CHICAGO for compensatory damages, costs, and such other and additional relief that this Court deems equitable and just.

## JURY DEMAND

Plaintiff TYRONE DORN hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.


**Dated:** **October 29, 2019**.

                                        **PLAINTIFF TYRONE DORN**,

                                        By: /s/Kelsey A. VanOverloop
                                                One of his Attorneys

Melvin L. Brooks
Kelsey VanOverloop
**THE COCHRAN FIRM CHICAGO**
140 South Dearborn, Suite 1020
Chicago, IL 60603
Phone: (312) 262-2900
Facsimile: (312) 262-2901
mbrooks@cochranfirm.com
kvanoverloop@cochranfirm.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on **October 29, 2019**, the foregoing Plaintiff's

**Amended Complaint** was electronically filed with the Clerk of the United States

District Court for the Northern District of Illinois by filing through the CM/ECF

system, which served a copy of the foregoing upon all counsel of record.

By:/s/Kelsey VanOverloop